NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

Casandra PAUL,

    Plaintiff,

v.

HOVENSA L.L.C.,

    Defendant.

Civ. No. 1:07-cv-00051-AET-GWC

OPINION

THOMPSON, U.S.D.J.

    This matter has come before the Court on Defendant Hovensa L.L.C.'s ("Defendant's") Appeal from the Magistrate Judge's June 29, 2012 Order [Doc. No 424] Denying Defendant's Motions to Transfer Venue. [Doc. No. 429]. Plaintiff Casandra Paul ("Plaintiff") opposes. [Doc. No. 447]. The Court has decided this appeal with respect to the above-captioned matter only[1] upon the written submissions of the parties and without oral argument in accordance with Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendant's appeal is denied.

## BACKGROUND

    Because the Court presumes both parties are familiar with the underlying facts of this litigation, the Court will review only the events and circumstances relevant to the current appeal.

---

[1] The Court is not issuing a judgment with respect to the other previously consolidated cases, *Gautier-James v. Hovensa, L.L.C.*, 1:06-cv-00106; *Illaraza v. Hovensa, LLC., et al.*, 1:08-cv-00059; *Illaraza v. Anthony Crane International, et al.*, 1:07-cv-00125; *Acosta, Jr., et al. v. Hovensa, L.L.C., et al.*, 1:08-cv-00089; *Lynch v. Hovensa, L.L.C.*, 1:11-00009.

1

On May 10, 2010, Defendant moved to transfer venue pursuant to 28 U.S.C. § 1404(b) from the United States District Court of the Virgin Islands, Division of St. Croix, to the Division of St. Thomas and St. John. [Doc. Nos. 381-82]. According to Defendant, the residents of St. Croix have been so negatively affected by Defendant's closure last year that Defendant would be unable to obtain an impartial jury on the island. [*Id.*]. In support of its motion, Defendant provided various documents, including newspaper articles and a statistical report conducted by a jury research consulting company. [*Id.*, Ex. A, *et seq.*]. The action was then consolidated with five other cases in which Defendant filed similar motions. [Doc. No. 403].

In response, the Plaintiffs from the consolidated cases filed a request for an extension of time to reply, contemporaneous with an untimely Opposition. [Doc Nos. 423, 424]. Upon a review of the papers, Magistrate Judge George W. Cannon ("Judge Cannon") struck Plaintiffs' Opposition as untimely for an insufficient demonstration of excusable neglect, and further denied as moot Defendant's motion for an extension of time in which to respond to Plaintiff's untimely Opposition. [Doc. No. 424].

After turning to Defendant's motions to transfer venue under Section 1404(b), Judge Cannon noted that intradistrict transfers are within the sound discretion of the Court. [*Id.*; 28 U.S.C. § 1404 (b) ("Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.")]. Judge Cannon further noted that, "[s]uch discretion is guided by an analysis of the factors applied to interdistrict transfers under Section 1404(a), but subject to a less rigorous standard." [Doc. No. 424 (citations omitted)]. Thus, Judge Cannon briefly considered whether a

transfer would be convenient to the parties and witnesses and in the interests of justice. [*Id.*; 28 U.S.C. § 1404(a)].

In this case, Judge Cannon found the convenience of venue to the relevant parties and witnesses to be a neutral consideration. [Doc. No. 424]. Upon turning to whether the interests of justice would be better served by a transfer of the six cases in issue to St. Thomas and St. John, Judge Cannon rejected Defendant's arguments as insufficiently persuasive so as to justify such uprooting. [*Id.*]. In formulating his rejection, Judge Cannon emphasized three major points of consideration. [*Id.*].

First, Judge Cannon noted that Defendant's refinery operated in St. Croix for more than 40 years and was party to hundreds of civil lawsuits. [*Id.*]. Defendant, in Judge Cannon's opinion, had failed to satisfactorily explain why those previous lawsuits did not involve biased juries, or at least, if they did, failed to provide evidence that Defendant had sought to transfer venue away from St. Croix in those cases as well. [*Id.*].

Second, Judge Cannon acknowledged the significance of Defendant's closure in terms of employment and revenue to the Territory in general and St. Croix in particular. [*Id.*]. However, Judge Cannon observed that the community had largely recovered from its initial shock at Defendant's closing, and that negative media reports had likewise subsided considerably. [*Id.*].

Finally, Judge Cannon expressed his belief that potential jurors could be effectively screened through the proper use of *voir dire* during the jury selection process. [*Id.*]. In light of all of the above, Judge Cannon denied Defendant's motions to transfer venue. [*Id.*]. Defendant subsequently filed this appeal, and Plaintiff opposes. [Doc. Nos. 429, 447].

## STANDARD OF REVIEW

In reviewing a magistrate judge's decision on a non-dispositive matter, the moving party bears the burden of demonstrating that the decision is 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); *Kendricks v. Hertz Corp.*, 2006 U.S. Dist. LEXIS 85432, at *2 (D.V.I. 2006); *U.S. v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 314-15 (D.N.J. 2009); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 513 (D.V.I. 2001) (internal citations and quotations omitted); *Cooper Hosp./Univ. Med. Ctr. V. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998). "[A] ruling is contrary to law if the magistrate judge has misinterpreted or misapplied the law." *State Nat'l Ins. Co. v. Cnty. Of Camden*, 2012 WL 960431, at *1 (D.N.J. March 21, 2012) (citing *Gunter*, 32 F. Supp. 2d at 164).

In conducting the above analysis, the Court recognizes that a magistrate judge's ruling on a non-dispositive matter is entitled to great deference. *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."). This is especially so "where the Magistrate Judge has managed [the] case from the outset and developed a thorough knowledge of the proceedings." *Cooper Hosp.*, 183 F.R.D. at 127 (quoting *Public Interest Research Grp. v. Hercules, Inc.*, 830 F. Supp. 1525, 1547 (D.N.J. 1993), *aff'd on other grounds nad rev'd on other grounds*, 50 F.3d 1239 (3d Cir. 1995)).

## ANALYSIS

Upon review of this appeal, the Court is sensitive to Defendant's position, given the events surrounding Defendant's closure this past year and the subsequent economic and media fallout. In its moving papers, Defendant urges the Court to reconsider its motion to transfer venue pursuant to Section 1404(b), arguing that Judge Cannon erroneously concluded that (1) the statistical report submitted by Defendant failed to demonstrate an ingrained bias on the part of St. Croix residents such as would make a fair trial impossible; (2) the St. Croix community has sufficiently recovered from the initial shock of Defendant's closure, and negative attitudes toward Defendant have correspondingly subsided; and (3) Defendant has neglected to seek a venue transfer in previous cases, despite a long history of lawsuits in St. Croix.

In support of its argument, Defendant prompts the Court to consider again the findings of the proffered statistical report, which purport to show, *inter alia*, that in comparison with the residents of St. Thomas, higher percentages of St. Croix residents identify as being affected by Defendant's closure and report a belief that there was a pattern or history of racial, sexual, and national origin discrimination at the refinery. Moreover, Defendant cites to news articles and speeches given by the Territory governor to show the magnitude of the island's negative sentiment toward Defendant, continuing at least into the latter half of 2012. Finally, Defendant provides a list of cases in which, prior to Defendant's closure, it sought to transfer venue from St. Croix.

Upon careful review of the above evidence, the Court nevertheless is disinclined to overturn Judge Cannon's decision in this matter, finding that Judge Cannon's decision to deny Defendant's motion to transfer venue was not clearly erroneous or contrary to law. In deciding this motion, Judge Cannon (1) applied the appropriate standard, *see, e.g., Desir v. Hovensa,*

5

*L.L.C.*, 2012 WL 3191959, at *1 (D.V.I. August 7, 2012) (stating that "[a]t a minimum the Court must consider whether a transfer would be convenient to the parties and witnesses and in the interest of justice"), and (2) did not reach a conclusion so unreasonable as to warrant a finding of an abuse of discretion, *Thomas v. Rijos*, 780 F. Supp. 2d 376, 388 (D.V.I. 2011) (observing the accepted principle that "[w]hen a magistrate judge's decision involves a discretionary matter . . . the clearly erroneous standard implicitly becomes an abuse of discretion standard").

The Court acknowledges that, "adverse pretrial publicity can create such a presumption of prejudice in a community that the jurors' claims that they can be impartial should not be believed." *Patton v. Yount*, 467 U.S. 1024, 1031 (1984). But "pretrial publicity – even pervasive, adverse publicity – does not inevitably lead to an unfair trial." *Skilling v. U.S.*, 130 S.Ct. 2896, 2916 (2010) (quoting *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 554 (1976)). Indeed, those cases are "exceedingly rare" that rise to the level of transforming even the most careful *voir dire* into an exercise in futility. *Flamer v. State of Del.*, 68 F.3d 736 (3d Cir. 1995) (quoting *Rock v. Zimmerman*, 959 F.2d 1237, 1252 (3d Cir. 1995)).

While the Court wishes to emphasize the importance of an impartial jury to a healthy and just judicial system, the Court nonetheless fails to find at this stage that, even assuming the figures in Defendant's proffered statistical report are accurate regarding the differences in the attitudes of the residents of St. Croix and those of St. Thomas,[2] Defendant will be unable to secure a sufficiently impartial jury through the normal procedures of *voir dire* and peremptory challenges. Indeed, it is difficult to predict the moods and attitudes that will prevail when this case finally reaches trial. Should Defendant be unable to secure an impartial jury at the

---

[2] Although, given the Territory-wide distribution of the economic impact of Defendant's closure, as well as the widespread distribution of news across the islands, the Court is yet unconvinced that the attitudes between the two locations would be significantly different.

6

appropriate hour, Defendant will then have other recourse. In the meantime, the Court will not overturn Judge Cannon's decision to deny transfer of venue, especially in light of his long tenure with this case and his advantageous positioning within St. Croix for gauging matters of popular sentiment.

## CONCLUSION

For the foregoing reasons, Defendant's Objections to and Appeal from the Magistrate Judge's June 29, 2012 Order is DENIED. An appropriate Order accompanies this Opinion.

ANNE E. THOMPSON, U.S.D.J.

Dated: March 5, 2013