NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

| | |
|---|---|
| Casandra PAUL, | |
| Plaintiff, | Civ. No. 1:07-cv-00051-AET-GWC |
| v. | OPINION |
| HOVENSA, LLC, | |
| Defendant. | |

THOMPSON, U.S.D.J.

This matter is before the Court upon two opposed motions: (1) Plaintiff Casandra Paul ("Plaintiff") has moved for reconsideration of this Court's April 4, 2013 grant of summary judgment (Doc. Nos. 484-85), (Doc. No. 486); and (2) Defendant Hovensa, LLC ("Defendant") has moved to tax costs, (Doc. Nos. 487-88). The Court has decided the motions based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will deny both motions.

### BACKGROUND

Given the extensive nature of this litigation, the Court presumes the parties are familiar with the factual basis for the underlying action and includes here only those facts necessary to supplement the current motions.

In May 2007, Plaintiff filed a Complaint against Defendant asserting various claims of discrimination, intentional infliction of emotional distress, wrongful discharge, and breach of the implied covenant of good faith and fair dealing. (Doc. No. 1). On April 30, 2012 Defendant

1

moved for summary judgment on all claims. (Doc. Nos. 373-74). With respect to the alleged breach of the implied covenant of good faith and fair dealing, Defendant argued that Plaintiff failed to demonstrate any instances of fraud or deceit sufficient to withstand summary judgment. (Doc. No. 373). In her opposition papers, Plaintiff neglected to address this argument or provide further support for her claim. (Doc. No. 409).

The Court granted summary judgment in favor of Defendant on all claims on April 4, 2013. (Doc. Nos. 484-85). Two weeks later, Plaintiff filed a timely motion for reconsideration contending that the Court committed clear error in granting summary judgment as to the alleged breach of the implied covenant of good faith and fair dealing. (Doc. No. 486). Shortly thereafter, Defendant moved for taxation of costs, arguing an entitlement to recover $33,048.33 in taxable costs pursuant to Federal Rule of Civil Procedure 54(d) and 5 V.I. § 541. (Doc. No. 488). The Court will address each of these motions in turn.

## DISCUSSION

### 1. Motion for Reconsideration

Under Local Rule of Civil Procedure 7.3, parties may seek reconsideration based upon: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. L.R.Ci. 7.3. "Such motions are not to be used as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *United States v. Christopher*, Civ. No. 1999-196, 2013 WL 1181962, at *2 (D.V.I. Mar. 22, 2013) (quoting *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012)) (internal quotations omitted). A motion for reconsideration is meant "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v.*

2

*Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). "In short . . . reconsideration is an 'extraordinary' remedy not to be sought reflexively or as a substitute for appeal." *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

Turning to the claim at issue, "[i]n the Virgin Islands, every employment contract, even an at-will employment contract, carries the obligations of good faith and fair dealing." *Tweed v. Metro Motors, SC, Inc.*, Civ. No. 04-0142, 2008 WL 5632263, at *10 (D.V.I. Feb. 26, 2008) (quoting *Bostic*, 2003 WL 25322909 at *7) (internal quotations omitted); Restatement (Second) of Contracts § 205. To establish a breach of those obligations, Plaintiff "must allege acts amounting to fraud or deceit on the part of the employer," *id.* (quoting *Bostic*, 2003 WL 25322909 at * 7) (quotations omitted), or that the employer engaged in conduct that was "otherwise inconsistent with the purpose of the agreement or the reasonable expectations of the parties," *Webster v. CBI Acquisitions, LLC*, Case No. ST-11-CV-558, 2012 WL 832044, at *4 (D.N.J. Mar. 5, 2012) (quoting *Smith v. Virgin Islands Hous. Auth.*, Civ. No. 2009-011, 2011 WL 797373, at *7 (D.V.I. Feb. 28, 2011)). Deceit is "commonly perceived as the act of intentionally giving a false impression." *Valansi v. Ashcroft*, 278 203, 209 (3d Cir. 2002) (quoting Black's Law Dictionary 413 (7th ed. 1999)) (internal quotations omitted). "Fraud is a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her *detriment*." *U.S. v. Russo*, 166 Fed. App'x 654, n. 8 (3d Cir. 2004) (quoting Black's Law Dictionary 685 (8th ed. 2004)).

Plaintiff asserts she presented several claims demonstrating a genuine dispute as to whether a breach of the implied covenant of good faith and fair dealing had occurred, including:

1) Defendant's failure to install a ramp to access the computer room until January 2004, after an additional fall by Plaintiff and a previous promise to install the ramp after the Christmas holidays;

2) Defendant's delay in providing a pass to enable Plaintiff to walk through Defendant's administration building to the bus to reduce the distance Plaintiff walked each day;
3) Defendant's refusal to allow Plaintiff to drive into the refinery for alleged liability reasons, despite the fact that others were permitted to do so;
4) Defendant's failure to install, at the request of Plaintiff in July 2007, automatic bathroom doors to the first-floor bathroom consistent with Defendant's representation that it would do so in a timely fashion;
5) Defendant's refusal to allow Plaintiff to return to work following her fainting incident on the allegedly false representation that Defendant was concerned for her health, when Defendant in fact purportedly desired to use the incident as a basis for her termination;
6) Defendant's termination of Plaintiff's employment based upon concerns of "potential catastrophic consequences," in light of Defendant's failure to terminate two similarly positioned persons who had failed to monitor tank temperature, leading to a roof collapse.

According to Plaintiff, Defendant failed to meet its burden on summary judgment to set forth specific facts or direct the Court to specific evidence in the record demonstrating the *absence* of a genuine issue of material fact with respect to the above events. Plaintiff argues that the Court then impermissibly bypassed Defendant's failure, shifted the initial burden to Plaintiff, and did not independently determine on the facts whether summary judgment was warranted.

Defendant has opposed the motion, reiterating its previous arguments that the record and Plaintiff's briefing do not support a claim of breach of the implied covenant of good faith and fair dealing, and contending that the Court's April 4, 2013 summary judgment language on the issue, while brief, did indicate an independent review and consideration of Plaintiff's claim. Defendant further points to various places in the Court's April 4th Opinion where the Court found either good faith on the part of Defendant or, at the very least, did not find it lacking.

Upon review of the papers, the Court is unconvinced that Plaintiff has shown that the extraordinary remedy of reconsideration is warranted in this case. In the first instance, Plaintiff

4

is incorrect in arguing that the Court did not conduct an independent review of the evidence to ensure that meritorious claims were not dismissed. (*See, e.g.*, Doc. No. 484-2, April 4, 2013 Opinion (stating that the decision on the claim of breach of the implied covenant of good faith and fair dealing was reached based upon Plaintiff's failure to counter Defendant's challenge, "*and for good cause shown*"); *see also*, n. 1 ("Otherwise, statements are Court findings of fact from an independent review of the evidence.")). That Defendant did not point to specific places in the record to show a lack of a genuine issue of material fact as to these matters appeared, from the Court's perspective, in line with the actual lack of such dispute in the record, rather than a failure on the part of Defendant to properly carry its burden.

In the second instance, the Court finds that the above-listed allegations as summarized by Plaintiff are still insufficient to raise a genuine issue of material fact as to a breach of the implied covenant of good faith and fair dealing, as the relevant delays in accommodation and ultimate employment termination simply do not constitute the type of fraud and deceit required to support such a claim. Nor does the Court find that Defendant acted in a manner inconsistent with the purpose of the employment agreement or the *reasonable* expectations of the parties. While various accommodations may not have occurred as swiftly as Plaintiff desired, or were not handled in the manner preferred, these circumstances do not rise to the level of breach.

Moreover, as discussed in this Court's April 4, 2013 Opinion, the Court did not find sufficient evidence to support a claim that Plaintiff's discharge was wrongful, or that Plaintiff's comparison to the two employees involved in the roof accident was relevant. Along those same lines, the Court does not believe the evidence here supports a claim that these same facts demonstrate a breach of the implied covenant of good faith and fair dealing.

As there has been no intervening change in controlling law brought to the Court's attention, no assertion of new evidence, and no showing that a clear error was committed and that manifest injustice will result, the Court is not inclined to disturb its previous findings that the above delays and/or shortcomings in Defendant's conduct did not support a claim of breach of the implied covenant of good faith and fair dealing. Plaintiff's motion for reconsideration is, therefore, denied.

**2. Motion to Tax Costs**

Title V of the Virgin Islands Code provides that certain costs may be awarded to a prevailing party at the conclusion of litigation. *Santillan v. Sharmouj*, 289 Fed. App'x 491, 497 (3d Cir. 2008); 5 V.I.C. § 541(a). "A prevailing party is one who has received at least some of the benefits which were sought in the litigation, even if a judgment is not finally obtained." *JoAnn Launder Center, Inc. v. Chase Manhattan Bank, N.A.*, 1995 WL 78299, at *4 (D.V.I. 1995). "The purpose of Section 541 is to indemnify the prevailing party, and the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *Island Green, LLC v. Querrard*, Case No. 09-0050, 2113 WL 1324833, at *1 (quoting *Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, 18 V.I. 275, 278 (D.V.I. 1981)).

Under Section 541(a), allowable costs include:

(1) Fees of officers, witnesses, and jurors;
(2) Necessary expenses of taking depositions which were reasonably necessary in the action;
(3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
(4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;

> (5) Necessary expense of copying any public record, book, or document used as evidence on the trial; and
>
> (6) Attorney's fees as provided in subsection (b) of this section.

"It is clear[, however,] from both the statutory language and the case law that awards to prevailing parties pursuant to Section 541 are matters within the court's discretion." *Good Timez, Inc. v. Phoenix Fire and Marine Ins. Co., Ltd.*, 754 F. Supp. 459, 461 (D.V.I. 1991) (citing *Acosta v. Honda Motor Co.*, 717 F.2d 828, 844 (3d Cir. 1983)).

In this case, Defendant has narrowed its requests for costs to (1) Fact Witness Deposition Transcripts (used as support for Defendant's motion for summary judgment); and (2) Necessary Costs of Expert Witness Depositions. Plaintiff presents various counterarguments challenging the legitimacy of the requested costs, and emphasizes her indigent state. Upon a review of the papers, the Court in its discretion declines to tax the costs requested.

In reaching this decision, the Court is sensitive to the common practice of awarding certain costs in litigation, and the concern that, without the award of such costs, frivolous litigation will increase. Moreover, the Court considers Defendant's present request for costs far from extreme or unreasonable, and finds the submissions detailing those costs responsible and fair. The poor state of Plaintiff's health and economic status, however, stay the Court's hand.

Certainly, indigency alone does not *automatically* exempt a plaintiff from allowable costs. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 457-58 (3d Cir. Pa. 2000) (holding "that if a losing party is indigent or unable to pay the full measure of costs, a district court may, but need not automatically, exempt the losing party from paying costs."); *Guynup v. Lancaster Cnty.*, Civ. A. 06-4315, 2009 WL 3073718 (E.D. Pa. Sept. 24, 2009) (determining that some consequence should follow for filing and losing a case, and awarding certain costs to defendant

7

to be paid in the event indigent plaintiff should ever secure funds in future). Here, however, Plaintiff is both indigent *and* suffers from an increasingly debilitating disability that will likely prevent her from ever paying the requested costs in any meaningful amount. Thus, the Court is persuaded to exercise its discretion to deny Defendant's motion. As concerns future indigent plaintiffs who may needlessly and frivolously generate litigation, the Court does not intend for this decision to stand for the proposition that they may avoid the costs of their litigious actions. Plaintiffs should be prepared to bear certain costs, and their attorneys should advise them accordingly. *Roger v. The Nemours Found., Inc.*, 599 F.3d 285, 289 (3d Cir. 2010) ("It is incumbent on an attorney to explain the risks of litigation to his or her client – including the risk that . . . they may have to pay costs should their litigation ultimately prove unsuccessful.").

## CONCLUSION

For the reasons given above, the Court will deny Plaintiff's motion for reconsideration, (Doc. No. 486), and will further deny Defendant's motion to tax costs, (Doc. No. 488). An appropriate Order accompanies this Opinion.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated: June 7, 2013